Missouri Pacific Railroad Company *v.* Angus.

4-3223

Opinion delivered December 4, 1933.

*Thos. B. Pryor* and *Daggett & Daggett,* for appellant.

*W. J. Dungan* and *Tom W. Campbell,* for appellee.

Humphreys, J. Appellee brought suit against appellant in the circuit court of Woodruff County to recover damages for injuries inflicted upon him by a mail bag or pouch which had been projected or thrown by a mail clerk from one of appellant's fast-moving eastbound passenger trains which failed to stop at the flag station at McCrory in response to a stop signal. Appellant filed an answer, denying liability for the injury. The cause was submitted to a jury upon the pleadings and testimony adduced, which resulted in a verdict and consequent judgment against appellant for $2,200, from which is this appeal.

There is little or no dispute about the facts in the case. Appellant has a flag station at McCrory with a chat platform between the depot and track, which extends eastward along the track about 50 feet. The mail crane is located about 175 feet east of the depot. Appellant, for a number of years, has allowed the mail clerks to throw off the mail bags at any point on the entire length of the chat platform without reference to the location of the mail crane. On the morning of January 31, 1932,

about three o'clock A. M., appellee took two guests, who had been on a bird hunt with him, to McCrory to board appellant's eastbound passenger train for Memphis. They saw the train coming and signaled it in the usual way to stop, and, hearing two short blasts of the whistle, concluded they had been seen, and stepped back seven or eight feet on the platform to wait for the train to stop. Instead of stopping, it increased its speed, and, while passing, the mail clerk threw out several mail pouches, among them a sack or pouch containing papers, which struck appellee on his neck and shoulders with great force, and which knocked him some ten feet or more and rendered him unconscious.

The failure to stop the train, the speed with which it passed the station, and throwing the bag of mail onto the platform were alleged as acts of negligence causing the injury.

Appellant introduced no testimony except certain rules and regulations of the United States Postal Service relative to the manner of dispatching mail bags or pouches from moving trains.

The facts in the instant case bring it clearly within the rules of law announced in the case of *Huddleston* v. *St. Louis, I. M. & S. Ry. Co.*, 90 Ark. 378, 119 S. W. 280. The undisputed facts show that appellee was rightfully upon the platform, and that he flagged the train in the usual manner, and that the agents of appellant ignored the signals given by him by refusing to stop and by increasing the speed of the train; that mail pouches or mail sacks containing papers were thrown onto the platform from the rapidly moving train as it passed the platform without regard to location of passengers who were standing there ready to board same had it stopped in response to the signal; that one of these sacks struck appellee and severely injured him; that the mail sack which struck him was thrown off onto the platform quite a distance from the mail crane.

Under the rules of the case above referred to, a presumption arose that the injury was the result of the negligence of the railroad company, as it owed the duty to appellee to use ordinary care to protect him against in-

juries by mail sacks which were thrown from the moving train, either by requiring the sacks to be thrown out at a certain place, or by warning against the danger therefrom, or by other means adopted for that purpose. No evidence was introduced by appellant to overcome this presumption of negligence, or to show that it protected or attempted to protect passengers standing upon the platform ready to embark.

Under these rules, as applied to the facts, the court instructed the jury more favorably than it should have done in behalf of appellant; so the instructions complained of which were given, and those requested by appellant and refused, were not prejudicial.

The requested instruction as to contributory negligence was properly refused as there was no evidence to warrant such an instruction.

No error appearing, the judgment is affirmed.